UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW AARON SIMPSON II,

        Plaintiff,                        Civil Action No. 23-cv-11325
                                                 HON. BERNARD A. FRIEDMAN

vs.

AMERICAN EXPRESS,

        Defendant.

_____/

**OPINION AND ORDER WITHDRAWING REFERRAL TO MAGISTRATE JUDGE, (ECF NO. 8); GRANTING IN PART MOTION TO DISMISS, (ECF NO. 14); AND DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT, (ECF NO. 18), AND MOTION TO STRIKE, (ECF NO. 20)**

This matter is before the Court on a motion to dismiss filed by defendant American Express. (ECF No. 14).[1] Plaintiff Matthew Aaron Simpson II was ordered to respond by October 13, 2023, (ECF No. 15), but has failed to file any response on the docket. American Express has filed a reply in support of its motion identifying additional communications between the parties. (ECF No. 16). The Court shall decide the motion without a hearing pursuant to E.D. Mich. LR

---

[1] Defendant's filing suggests that it has been erroneously sued as American Express when in fact defendant's correct title is American Express National Bank. (ECF No. 14, PageID.28). For ease of reference, the Court will refer to the defendant as "American Express."

7.1(f)(2). For the reasons that follow, the motion to dismiss is granted in so far as the complaint is dismissed.

I. Background

Simpson filed his complaint *pro se* in June 2023. (ECF No. 1). In it, he alleges that on June 1, 2022, he applied for an American Express platinum card but was denied. (*Id.*, PageID.5). He states that he "never gave the consent to close [his] account ending in #01009." (*Id.*). Simpson says that he has "tried to resolve this matter by sending in letters telling them that they were violating [his] rights and they continue to tell [him] they are going to keep [his] account open and won't open [his] platinum card account [he] applied for." (*Id.*). For relief, he seeks payment "for all the violations they have committed which is over $10,000" as well as his "account opened back up current and fully paid" and for American Express "to open the platinum card up and make the credit limit $10,000 and security interest paid every month for both accounts." (*Id.*, PageID.6). In the jurisdictional section of the form complaint, Simpson has checked the box for "federal question" jurisdiction and identified the following as federal statutes at issue in this case: "consumer credit," "Title 15," and "Tila truth & Lending." (*Id.*, PageID.3-4).[2]

---

[2] The Court observes in passing that Simpson has also failed to clearly demonstrate the existence of the Court's subject matter jurisdiction over the case. While the

On June 23, 2023, this Court granted Simpson's application to proceed *in forma pauperis* and also referred all pretrial matters to Magistrate Judge Anthony Patti. (ECF Nos. 6, 8). After seeking and receiving an extension of time to respond to the complaint, American Express filed the instant motion to dismiss for failure to state a claim on September 21, 2023. (ECF Nos. 12, 13, 14). Magistrate Judge Patti ordered Simpson to respond to the motion by October 13, 2023. (ECF No. 15). Simpson did not file any response with the Court as ordered. However, American Express submitted a reply in support of the motion to dismiss indicating that Simpson communicated to defense counsel that he had submitted to the Court (and mailed to American Express directly) an "Affidavit of Truth" intended as a response to the motion. (ECF Nos. 16, 17). On November 7, 2023, Simpson filed a motion for summary judgment, (ECF No. 18), and on November 20, 2023, he filed a "Notice of Default Consent to Judgment," (ECF No. 19). Finally, on November 28, 2023, American Express filed a motion to strike, or, in the alternative, opposition to the motion for summary judgment and notice of default consent to judgment. (ECF No. 20).

II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted if the complaint fails to allege "sufficient factual matter, accepted

Truth in Lending Act is a federal statute that may be relevant to jurisdiction, Simpson has not identified any particular cause of action under that statute.

3

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court construes the complaint in the light most favorable to the plaintiff, presumes the truth of all factual assertions, and draws every reasonable inference in favor of the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). But "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up).

While *pro se* complaints are entitled to liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this "leniency . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* litigants are still required to comply with basic pleading standards and this Court is not required to conjure allegations on Simpson's behalf. *Id.*

III. <u>Analysis</u>

The motion to dismiss filed by American Express urges that Simpson's bare-bones complaint has failed to state a claim upon which relief can be granted. (ECF No. 14). The Court agrees.

The complaint suggests that Simpson is distressed that American Express has denied him a platinum credit card and apparently closed a separate account. *See* (ECF No. 1, PageID.5). Although he mentions "consumer credit," "Title 15,"

and "Tila truth & Lending," he does not clarify their relevance to the allegations in the complaint. (*Id.*, PageID.4). As American Express details in its motion to dismiss, the complaint is devoid of the factual detail that would be necessary to provide fair notice of Simpson's claim. (ECF No. 14, PageID.33-34).

Although ordered by Magistrate Judge Patti to do so, (ECF No. 15), Simpson failed to file on the docket any response to the motion to dismiss. American Express informs the Court that defense counsel received from Simpson an "Affidavit of Truth" intended as a response to the motion. (ECF Nos. 16, 17). However, even if that document had been properly filed and served, it does not address the deficiencies highlighted in the motion to dismiss. In addition to citing multiple biblical passages, in the "Affidavit of Truth" (with subtitle "Claim of Relief") Simpson states:

> Cancellation cant be applied to transactions that's already created 343 Ch. 9 page 8 Consumer Law. Sales Practices Credit Regulations Annot., Credit Card issuers liability for wrongfully refusing to honor card 46 A.L.R. 3d 1383 (1972)

(ECF No. 17, PageID.51). Simpson argues that he is "the beneficiary of Matthew Aaron Simpson II, estate" [sic] and that "[a]s the cardholder [he has] a right to credit and a right to receive compensation when [he] issue[s] [his] credit card on behalf of [his] estate." (*Id.*). Simpson urges that "[b]y not issuing compensation [American Express has] denied [his] ability to provide for [himself], [his] family, and household." (*Id.*). He states that he objects to dismissal and questions

5

American Express's "authority" and "dominion" over him. (*Id.*, PageID.51-52). Finally, he demands that his account be opened with a $50,000 credit limit and that he receive damages totaling $200,000. (*Id.*, PageID.52). He also includes a statement that "[a]ll Documents submitted must be notarized with a wet ink signature." (*Id.*). These assertions fail to address the concerns raised in American Express's motion to dismiss as they fail to provide adequate notice of the nature of Simpson's claim.

Accordingly, it is hereby,

ORDERED that the Order referring to Magistrate Judge Anthony P. Patti all pretrial proceedings, (ECF No. 8), is WITHDRAWN.

IT IS FURTHER ORDERED that the motion to dismiss filed by defendant American Express, (ECF No. 14), is GRANTED IN PART. The complaint and all claims are dismissed, but no costs or fees are awarded.

IT IS FURTHER ORDERED that Simpson's motion for summary judgment, (ECF No. 18), is DENIED AS MOOT.

IT IS FURTHER ORDERED that the motion to strike filed by American Express, (ECF No. 20), is DENIED AS MOOT.

**SO ORDERED.**

Dated: December 1, 2023
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 1, 2023.

**Matthew Aaron Simpson II**
21401 Kipling St.
Oak Park, MI 48237

s/Johnetta M. Curry-Williams
Case Manager